**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Melanie A. FitzGerald, Esq.
*Proposed Counsel for the Chapter 11 Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                      Chapter 11
                                                                            Case No. 23-43088-JMM
ELITE LIMOUSINE PLUS, INC.,

                                    Debtor.
----------------------------------------------------------X

## DECLARATION OF SHAFQUAT CHAUDHARY, PRESIDENT OF ELITE LIMOUSINE PLUS, INC., PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

I, Shafquat Chaudhary, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1.      I am the President of Elite Limousine Plus, Inc. ("Debtor" or "Elite"), having voluntarily filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on August 29, 2023 ("Filing Date").

2.      I submit this declaration ("Declaration") in support of the Debtor's voluntary petition and schedules ("Petition") for reorganization under Chapter 11 of the Bankruptcy Code, pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Bankruptcy Court for the Eastern District of New York.

3.      Except as otherwise noted herein, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition.

4.      The Debtor will continue to remain in possession of its assets, operate its business and manage its affairs as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy

Code.

5.    No trustee, examiner or committee of creditors has been appointed in this case.

6.    The Debtor is not a small business debtor such that Local Rule 1007-4(a)(i) does not apply.

7.    The Debtor is not a single asset real estate debtor such that Local Rule 1007-4(a)(ii) does not apply.

8.    The Debtor does not have any shares of stock that are publicly held such that Local Rule 1007-4(a)(ix) does not apply.

9.    The Debtor is separately filing a schedule of the twenty (20) largest unsecured claims against the Debtor's estate, as required by Local Rule 1007-4(a)(vi).

## LOCAL RULE 1007 REPRESENTATIONS

**A.    The Nature of the Debtor's Business Operations and Ownership Structure**

10.    The Debtor is a privately owned New York corporation established in 1986, which provides personal and corporate transportation services primarily in the New York City metropolitan area.  The Debtor's principal place of business is 3272 Gale Avenue, Long Island City, New York 11101 ("Office").

11.    The Debtor leases the space it uses as its Office from Gale Avenue LLC ("Lease"). The Lease was executed on January 1, 2023 and expires on December 31, 2027.  The annual rent is $442,000.00.

12.    The Debtor is owned and operated by me, Shafquat Chaudhary.  I am the President, CEO, and majority shareholder owning 92.50% interest in the Debtor. Siddique Mian owns 4.50% interest in the Debtor.  Andrew El Daye owns 3.00% interest in the Debtor.

13.    The senior management of the Debtor also consists of Khawar Shamshad, as CFO, Muhammad Waqas, as General Manager, and Andrew Batiuk, as Operations Manager.

14. I receive a weekly salary of $3,500.00. Khawar Shamshad receives a weekly salary of $2,555.00. Muhammad Waqas receives a weekly salary of $1,850.00 and Andrew Batiuk receives a weekly salary of $1,545.00.

15. As of the Filing Date, the Debtor had approximately $28,000.00 in its bank account.

16. The Debtor's assets consist of accounts receivable, its brand name, good will and various office supplies and equipment.

17. As of the Filing Date, there were approximately 48 employees of the Debtor including myself as President, and 415 drivers employed as independent contractors of the Debtor.

18. The Debtor has an aggregate, estimated weekly gross office payroll of $50,000.00.

19. The Debtor has an estimated weekly payroll for the drivers of approximately $300,000.00.

20. The anticipated revenue for the next 30 days or the month of September 2023 will be approximately $2.4M. The anticipated expenses for the next 30 days or the month of September 2023 will be approximately $2.7M. The Debtor has procured DIP Financing[1] in the approximate amount of $600,000.00 that will be utilized toward the anticipated expenses.

21. The Debtor has not previously filed a petition for reorganization under Chapter 11 or any other chapter.

22. The Debtor does not have any other property that is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee or any other person.

23. All assets, books and records of the Debtor are in the possession of the Debtor, or under the declarant's control. The Debtor owns no assets that are physically located outside the United States.

---

[1] The Debtor will seek approval of DIP Financing in a separate motion that will be included with the Debtor's anticipated First Day Motions.

24.     As of the Filing Date, there are multiple actions or proceedings pending against the Debtor or its property where a seizure of property may be imminent or the Debtor's interests may be substantially impaired.  These actions include but are not limited to: (a) a class action that is pending in Supreme Court, State of New York, New York County; (b) multiple breach of contract actions that are pending in Supreme Court, State of New York, Kings County, New York County and Bronx County; (c) a personal injury action that is pending in Supreme Court, State of New York, Bronx County; and (d) Conciliation and Mediation Services with New York State for sales and use tax.

**B.      Events Leading to the Chapter 11 Filing**

25.     In 2014, Uber and Lyft appeared in the transportation industry.  Uber and Lyft provided significant and unwanted competition for the Debtor and others in the transportation industry. The Debtor was able to pivot its business operations and handle this competition.

26.     In 2017, the Debtor took a risk to expand its operations, even though the entire transportation industry was hurting, and the Debtor acquired the assets and assumed the liabilities of another transportation entity. Rosenthal & Rosenthal, Inc. ("R&R"), was the secured creditor of this entity. This business transaction served as the introduction of R&R to Elite and for the first time in its operation, Elite incurred debt.

27.      Shortly after this acquisition, a review of the acquired entity's books and records revealed fraud in that entity's record keeping and sales reporting. This caused Elite's debt to R&R to increase by an additional $800,000.00.  Elite managed this newly acquired financial obligation and payments were timely remitted to R&R.

28.     R&R is the Debtor's first priority secured lender. As of the Filing Date, the total amount outstanding to R&R on account of its secured debt is approximately $16,125,554.00, plus interest and fees in accordance with the loan documents.

29.     In March 2020, the Covid-19 pandemic arrived and there is no dispute that the entire economy was shut down for a significant period of time.  There were stringent restrictions including a mandatory pause on travel, social gatherings, and workplace attendance. Elite's business was down by 95% - no one needed transportation.

30.     There was no pause on the debt that Elite continued to service to R&R.

31.     Elite has been engaged in good faith negotiations with R&R and its counsel to reach a working accord with respect to payment of the debt that is owed to R&R. Unfortunately, these negotiations have reached an impasse.

32.     In June 2023, Elite and R&R were parties to a Forbearance Agreement. On or about August 18, 2023, the Forbearance Agreement was terminated.

33.     On August 24, 2023, R&R demanded payment in full with respect to the outstanding loan obligations.

34.     With no cash flow, Elite fell behind on its payments to New York State ("NYS") on account of sales tax.

35.     Elite has been negotiating with NYS with respect to a payment plan to service the sales tax obligation. Elite participated in several Conciliation Conferences with NYS.

36.     With no funding from R&R and no ability to negotiate new financing terms with R&R, Elite was not able to resolve its issues with NYS.

37.     Before Elite contemplated the Chapter 11 proceeding, Elite, through its counsel and a turnaround consultant, attempted to engage in settlement and/or workout discussions with R&R, through its counsel and with NYS through its Conciliation process.

38.     Given the lack of financing from R&R, Elite was left with no alternative but to file for relief in this Court.

39.     I made the decision to file Chapter 11 for Elite with the sincere hope that I can

continue business operations, continue to negotiate with its creditors, including R&R, and emerge from Chapter 11 financially sound and solvent.

40.    Slowly, Elite has increased its operations and with the declaration that the global pandemic is in the rear-view mirror and businesses are returning to in person operations, Elite anticipates that the need for corporate and personal transportation is poised to begin a much-needed recovery.

41.    The Debtor commenced this Chapter 11 proceeding to: (a) obtain the benefits of the automatic stay provided by the Bankruptcy Code and allow Elite the breathing spell necessary to continue its business operations; (b) address the resolution of obligations to its creditors, not the least of which are owed to R&R and NYS; and (c) attempt an orderly reorganization to maximize value for Elite's creditors and parties in interest.

42.    The Debtor believes that with the protections of this Court and the Bankruptcy Code, it will be able to restructure its business arrangement and debts, and propose a meaningful, feasible and confirmable plan of reorganization.

**WHEREFORE**, declarant requests that the Debtor be authorized to continue in the operation and management of its business and affairs.  I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Dated: August 31, 2023
       Long Island City, New York

                                        _s/Shafquat Chaudhary_
                                        Shafquat Chaudhary
                                        President of Elite Limousine Plus, Inc.