**MORRISON COHEN LLP**

909 Third Avenue, 27th Floor

New York, New York 10022

(212) 735-8600

Joseph T. Moldovan, Esq.

David J. Kozlowski, Esq.

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*

**Presentment Date: April 1, 2024 at 10am ET**
**Objection Deadline: March 25, 2024 at 5pm ET**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re                                                                  :
                                                                           :        Chapter 11
ELITE LIMOUSINE PLUS, INC., et al.                 :
                                                                           :        Case No.: 23-43088 (JMM)
                                                                           :        Jointly Administered
                                          Debtors.[1]       :
------------------------------------------------------------X

### NOTICE OF PRESENTMENT ON AMENDED APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2024

**PLEASE TAKE NOTICE** that on April 1, 2024, the Official Committee of Unsecured

Creditors ("**Committee**") in the above-captioned chapter 11 cases, through its proposed counsel,

Morrison Cohen LLP, will present the annexed proposed *Amended Application for an Order*

*Authorizing Employment and Retention of Morrison Cohen LLP as Counsel for the Official*

*Committee of Unsecured Creditors Effective as of January 30, 2024*, together with a Proposed

Order and a Declaration in Support (collectively, "**Application**"), approving the employing of

Morrison Cohen LLP as counsel to the Committee, for signature and approval to the Honorable Jil

Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District

---

[1]    The Debtors are Elite Limousine Plus, Inc. (23-43088) and Dispatch Support Services LLC (23-43089).

of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that responses to the Application must conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Bankruptcy Court no later than March 25, 2024 at 5 p.m. ("**Objection Deadline**") as follows: (i) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable drive in an envelope with the case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Application is not filed by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter the Order approving the relief sought in the Application without further notice.

*[remainder of page intentionally left blank]*

2

**PLEASE TAKE FURTHER NOTICE**, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.

Dated: New York, New York
      March 6, 2024

**MORRISON COHEN LLP**

By:    /s/ Joseph T. Moldovan
       Joseph T. Moldovan, Esq.
       David J. Kozlowski, Esq.

909 Third Avenue, 27th Floor
New York, New York 10022
(212) 735-8600
jmoldovan@morrisoncohen.com
dkozlowski@morrisoncohen.com

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*

**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
David J. Kozlowski, Esq.

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                                        :
                                                             :        Chapter 11
ELITE LIMOUSINE PLUS, INC., et al.                           :
                                                             :        Case No.: 23-43088 (JMM)
                                                             :        Jointly Administered
                                      Debtors.[1]             :
-------------------------------------------------------------X

### AMENDED APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2024

The Official Committee of Unsecured Creditors ("**Committee**") of Elite Limousine Plus,

Inc. ("**Elite**") and Dispatch Support Services LLC ("**Dispatch**"), the above-captioned chapter 11

Debtors and Debtors-in-Possession (collectively "**Debtors**"), seeks by this amended application

("**Application**") entry of an order authorizing the employment and retention of Morrison Cohen

LLP ("**Morrison Cohen**") as attorneys to the Committee, effective as of January 30, 2024,[2]

pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code §§ 101 *et seq*.

("**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure

("**Bankruptcy Rules**"), and Local Bankruptcy Rule 2014–1 ("**Local Bankruptcy Rules**"). In

---

[1]     The Debtors are Elite Limousine Plus, Inc. (23-43088) and Dispatch Support Services LLC (23-43089).

[2]     The Committee was appointed by the United States Trustee five months after the case commenced. The Committee is seeking *numc pro tunc* retention of Morrison Cohen to the date of the Committee's appointment.

support of the Application, the Committee submits the Declaration of Joseph T. Moldovan, Esq. ("**Moldovan Declaration**"), annexed hereto as **Exhibit A**, and incorporated herein by reference. The Committee respectfully represents as follows:

**BACKGROUND**[3]

Debtors and their Businesses

1.      Debtors operate a traditional "black car" service, providing personal and corporate transportation services primarily in the New York City Metropolitan area. On August 29, 2023 ("**Petition Date**"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York ("**Court**").

2.      On September 13, 2023, the Court entered an Order authorizing the joint administration of Debtors' chapter 11 cases.

3.      Debtors remain in possession of their assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

The Committee and its Selection of Counsel

4.      On January 30, 2024, the Office of United States Trustee for the Eastern District of New York appointed four (4) members to the Committee pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code. The four members are: Harron Rashid, Stefan Berniecsky, Mohammed F. Islam, and Abdul Halim. Thereafter, at a meeting during which the majority of the Committee

---

[3]     The background facts set forth herein are primarily based upon the representations contained in papers filed by Debtors in these proceedings. As the Committee has not yet verified the accuracy of such statements, nothing contained herein or otherwise shall be deemed a waiver of the Committee's right to dispute or challenge the facts set forth herein.

2

members participated, the Committee selected Haroon Rashid as its Chair, and formally voted to retain Morrison Cohen as counsel, subject to the approval of the Court.[4]

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of these proceedings is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. Section 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Bankruptcy Rule 2014 are the statutory predicates for the relief sought by this Application.

## RELIEF REQUESTED HEREIN

5.      The Committee seeks to employ Morrison Cohen as its counsel in these chapter 11 cases. Morrison Cohen maintains an office for the practice of law at 909 Third Avenue, New York, New York 10022.

6.      The Committee selected Morrison Cohen because the partners and associates of Morrison Cohen have considerable expertise in the fields of bankruptcy, insolvency, liquidations, debtors' and creditors' rights, debt restructuring, corporate reorganizations, and commercial litigation. Accordingly, the Committee believes Morrison Cohen possesses extensive knowledge and experience in the areas of law relevant to these chapter 11 cases, and that Morrison Cohen is well-qualified to represent it in these chapter 11 cases.

7.      Joseph T. Moldovan and David J. Kozlowski will be primarily responsible for Morrison Cohen's representation of the Committee in these matters. Mr. Moldovan is a partner and chair of Morrison Cohen's Bankruptcy, Restructuring & Governance Group. He has decades

---

[4]     In connection with Morrison Cohen's selection by the Committee, the Committee has reviewed the Moldovan Declaration and a description of Morrison Cohen's connection disclosures.

3

of experience representing various parties in bankruptcy cases throughout the country, and is skilled at developing unique solutions to complex matters. Mr. Moldovan received his J.D. from Brooklyn Law School and his B.A. from University of Pennsylvania. Mr. Kozlowski is a partner in Morrison Cohen's Bankruptcy, Restructuring & Governance Group. He has extensive experience in all aspects of financial restructuring and bankruptcy issues, including representing unsecured creditors' committees. Mr. Kozlowski received his J.D. from St. John's University School of Law and his B.A. from Western Connecticut State University.

8.     The professional services Morrison Cohen will be required to render include, but are not limited to, the following:

(a)     to advise the Committee of its rights, duties, and powers in these chapter 11 cases;

(b)     to assist, advise, and represent the Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

(c)     to assist, advise, and represent the Committee in investigating and analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens, and participating in and reviewing any proposed asset sales or dispositions;

(d)     to attend meetings and negotiate with the representatives of the Debtors, secured creditors, and other parties in interest;

(e)     to assist and advise the Committee in its examination, investigation, and analysis of the conduct of the Debtors' affairs;

(f)     to assist the Committee in the review, analysis, and negotiation of any plan of reorganization or liquidation that may be filed and to assist the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan of reorganization or liquidation;

(g)     to assist the Committee in the review, analysis, and negotiation of any financing or funding agreements;

(h)     to take all necessary actions to protect and preserve the interests of the Committee, including, without limitation, the prosecution of actions on its

4

behalf, negotiations concerning all litigation in which the Debtors are involved, and review and analysis of all claims filed against the Debtors' estates;

(i)     to generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee;

(j)     to appear, as appropriate, before this Court, appellate courts, and other courts in which matters may be heard and to protect the interests of the Committee before said Courts and the United States Trustee;

(k)     to perform such other legal services as may be required or deemed to be in the interests of the Committee; and

(l)     to perform all other necessary legal services in these cases.

9.      Due to the size and potentially complex nature of these chapter 11 cases, the full extent of services the Committee will require or ask Morrison Cohen to provide is not known at this time. Accordingly, in addition to those outlined above, Morrison Cohen will provide such other and further services as are necessary for the Committee to fulfill its statutory and fiduciary duties in these cases.

10.     Morrison Cohen has indicated a willingness to act on behalf of the Committee and render the necessary professional services as attorneys for the Committee.

11.     Subject to this Court's approval in accordance with section 330(a) of the Bankruptcy Code, Morrison Cohen will charge for legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered, and for its actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith.

12.     The following are Morrison Cohen's current hourly rates:

(a)     Partners:              $680 – $1,650

(b)      Associates:              $415 – $850

(c)      Paraprofessionals:     $245 – $525

These rates are subject to periodic review and adjustment and are set at a level designed to compensate Morrison Cohen fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Generally, the rates are subject to an increase at the beginning of each calendar year. It is Morrison Cohen's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their clients' cases. The expenses charged to clients include, among other things, conference telephone, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Morrison Cohen will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Morrison Cohen's other clients. Morrison Cohen believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

13.      Morrison Cohen intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and Orders of this Court. Compensation will be payable to Morrison Cohen in compliance with the above rules and provisions, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Morrison Cohen.

14.      The Committee has reviewed this Application and the Declarations and believes that the retention and employment of Morrison Cohen effective as of January 30, 2024, is in the

best interests of the Committee, Debtors, and the estates and creditors. Morrison Cohen professionals began reviewing the numerous pleadings filed in these chapter 11 cases immediately upon the firm's selection as counsel, as well as all publicly available information, to gain a comprehensive understanding of Debtors' prior operations, debt structure, and relationship with its secured creditor. Morrison Cohen also participated in calls with Debtors' counsel to further understand the facts and circumstances of these cases and to discuss matters set for hearing. Morrison Cohen also began to prepare its retention application and conducted its initial complex and substantial conflict and connections check so that it could comply with the Bankruptcy Code and requirements of Bankruptcy Rule 2014. Accordingly, the undersigned respectfully asserts that retention effective as of January 30, 2024 as requested by this Application is appropriate.

15.     No prior application has been made for the relief requested herein to this or any other Court.

## DISINTERESTEDNESS OF PROFESSIONAL

16.     To the best of the Committee's knowledge, information, and belief, and except as otherwise set forth in the Moldovan Declaration, Morrison Cohen: (i) does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) Morrison Cohen is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither Morrison Cohen nor its professionals have any connection with Debtors, their estates, or creditors; and (iv) Morrison Cohen's employment is necessary and in the best interest of Debtors' estates.

7

## **NOTICE**

17.     Notice of this Application has been given to: (a) Debtors and their counsel; (b) the

Office of the United States Trustee; (c) Debtors' lender, Rosenthal & Rosenthal, via its counsel,

Otterbourg P.C.; (d) any parties requesting service of all motions and pleadings pursuant to

Bankruptcy Rule 2002; and (e) all parties entitled to notice pursuant to Local Bankruptcy Rule

9013–1(d). The Committee submits that, in light of the nature of the relief requested herein, no

other or further notice is necessary.

*[remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court approve the employment and retention of Morrison Cohen as attorneys to the Committee, enter an order approving the Application, and grant such other, further, and different relief as is just and proper.

Dated: New York, New York
      March 5, 2024

**COMMITTEE CHAIR**

By: _____
     Haroon Rashid
     1964 Holland Brook Road West
     Branchburg, NJ 08876
     r.aroon206@gmail.com

9

# EXHIBIT A

**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
David J. Kozlowski, Esq.

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re                                                           :
                                                                :               Chapter 11
ELITE LIMOUSINE PLUS, INC., et al.                              :
                                                                :               Case No.: 23-43088 (JMM)
                                                                :               Jointly Administered
                                         Debtors.[1]             :
-------------------------------------------------------------X

### DECLARATION OF JOSEPH T. MOLDOVAN IN SUPPORT OF THE AMENDED APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2024

I, JOSEPH T. MOLDOVAN, declare under penalty of perjury that the following is true and correct:

1.      I am a partner in the law firm of Morrison Cohen LLP ("**Morrison Cohen**"), located at 909 Third Avenue, New York, New York 10022, and have been duly admitted to practice law in the State of New York, the United States District Court for the Southern, Eastern, and Northern Districts of New York and the District of Connecticut, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court. I am a member in good standing of the Bar of State of New York. My firm has been retained to represent the Official

---

[1]     The Debtors are Elite Limousine Plus, Inc. (23-43088) and Dispatch Support Services LLC (23-43089).

Committee of Unsecured Creditors ("**Committee**") in these cases. There are no disciplinary proceedings pending against me.

2.      I submit this Declaration ("**Declaration**") in support of the *Amended Application for an Order Authorizing Employment and Retention of Morrison Cohen LLP as Counsel for the Official Committee of Unsecured Creditors Effective as of January 30, 2024* ("**Application**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. I will supplement this Declaration if additional relevant information becomes available during the pendency of these cases.

3.      All attorneys who will work on this engagement have read and are fully familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and are sufficiently competent to handle whatever might foreseeably be expected of Committee's counsel in this matter.

4.      On August 29, 2023 ("**Petition Date**"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York ("**Court**"). On September 13, 2023, the Court entered an Order authorizing the joint administration of Debtors' chapter 11 cases. Debtors remain in possession of their assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

5.      On January 30, 2023, the Office of United States Trustee for the Eastern District of New York appointed four (4) members to the Committee pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code. The four members are: Harron Rashid, Stefan Berniecsky, Mohammed F. Islam, and Abdul Halim.

2

6.      After its appointment, at a meeting at which a majority of the members of the Committee were present, the Committee selected Haroon Rashid as Chair and formally selected Morrison Cohen as its counsel to perform all such services and give such advice as may be necessary and desirable to the equitable and orderly conduct of these chapter 11 cases on behalf of the Committee.

## MORRISON COHEN'S QUALIFICATIONS

7.      The Committee selected Morison Cohen as its counsel because of the firm's expertise and experience in bankruptcy cases. Furthermore, Morison Cohen's broad-based practice, which includes expertise in the areas of bankruptcy and other practice areas that may arise in these cases will permit it to fully represent the interests of the Committee in an efficient and effective manner.

## SERVICES TO BE PROVIDED

8.      Morison Cohen is expected to render such legal services as the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the unsecured creditors in these cases. In addition to acting as primary spokesperson for the Committee, it is expected that Morison Cohen's services will include, without limitation, assisting, advising and representing the Committee with respect to the following:

  a.  to advise the Committee of its rights, duties, and powers in these chapter 11 cases;

  b.  to assist, advise, and represent the Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

  c.  to assist, advise, and represent the Committee in investigating and analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens, and participating in and reviewing any proposed asset sales or dispositions;

3

d.  to attend meetings and negotiate with the representatives of the Debtors, secured creditors, and other parties in interest;

e.  to assist and advise the Committee in its examination, investigation, and analysis of the conduct of the Debtors' affairs;

f.  to assist the Committee in the review, analysis, and negotiation of any plan of reorganization or liquidation that may be filed and to assist the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan of reorganization or liquidation;

g.  to assist the Committee in the review, analysis, and negotiation of any financing or funding agreements;

h.  to take all necessary actions to protect and preserve the interests of the Committee, including, without limitation, the prosecution of actions on its behalf, negotiations concerning all litigation in which the Debtors are involved, and review and analysis of all claims filed against the Debtors' estates;

i.  to generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee;

j.  to appear, as appropriate, before this Court, appellate courts, and other courts in which matters may be heard and to protect the interests of the Committee before said Courts and the United States Trustee;

k.  to perform such other legal services as may be required or deemed to be in the interests of the Committee; and

l.  to perform all other necessary legal services in these cases.

9.      Morrison Cohen is ready and willing to act in Debtors' cases and render necessary professional services as counsel to the Committee on the terms described in the Application.

## **PROFESSIONAL COMPENSATION**

10.     Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, Morrison Cohen intends to apply for compensation for professional services rendered in connection with the chapter 11 cases, plus reimbursement of actual, necessary expenses, and other charges incurred by Morrison Cohen

4

during the representation.

11.    Morrison Cohen's current hourly rates for matters related to these chapter 11 cases are expected to fall within the following ranges:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners: | $680 – $1,650 |
| Associates: | $415 – $850 |
| Paraprofessionals: | $245 – $525 |

12.    The principal professionals designated to represent the Committee and their current standard hourly rates are:

| Professional | Hourly Rate |
|---|---|
| Joseph T. Moldovan | $1,425 |
| David J. Kozlowski | $940 |
| Sally Siconolfi | $650 |

13.    The rates set forth above are subject to periodic review and adjustment. Generally, the rates are subject to an increase at the beginning of each calendar year. Additionally, it is Morrison Cohen's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their cases. The expenses charged to clients include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. Morrison Cohen will charge Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Morrison Cohen's other clients and also in accordance with the Guidelines of the United States Trustee. Morrison Cohen believes that it is fairer to charge these expenses to the clients incurring

5

them than to increase the hourly rates and spread the expenses among all clients.

14.     Morrison Cohen submits that its proposed rate structure is appropriate and not significantly different from (a) the rates that Morrison Cohen charges for other similar types of representations, or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Morrison Cohen will perform in these chapter 11 cases.

## MORRISON COHEN'S DISINTERESTEDNESS

15.     Insofar as I have been able to ascertain, except as described herein, the other partners, counsel, and associates of Morrison Cohen and I are disinterested parties within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code), and represent no party having an adverse interest to the estates with respect to matters for which Morrison Cohen is to be engaged under the Application.

### A.      Morrison Cohen's Conflict Check System

16.     Federal Rule of Bankruptcy Procedure 2014(a) requires the disclosure of all "connections" with Debtors, creditors, the United States Trustee, and other parties-in-interest, to the best of an applicant's knowledge. However, the term "connection" is not precisely defined in either the text of the rule or Second Circuit caselaw, and authorities acknowledge that the definition requires interpretation specific to the facts of each case. 9 Collier on Bankruptcy ¶ 2014.05 (16th 2020). Accordingly, Morrison Cohen's procedures for evaluating actual and potential conflicts of interest may not encapsulate the full realm of potential connections to parties in this proceeding. Morrison Cohen will use reasonable best efforts to ascertain and disclose connections in these cases.

17.     In connection with preparing this Declaration, Morrison Cohen prepared a list of

parties-in-interest in these chapter 11 cases ("**Parties-in-Interest**"), as identified on __Exhibit 1__, and submitted the Parties-in-Interest for review in the computerized conflict database system maintained by Morrison Cohen. Morrison Cohen maintains and systematically updates its conflict check system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system maintained by Morrison Cohen is designed to include every matter which the firm is now or has been engaged, the entity for which the firm is now or has been engaged, and in where applicable and known, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of Morrison Cohen that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Morrison Cohen.

18.     The Parties-in-Interest in which Morrison Cohen submitted to its conflict database include the following categories:

    a.   Debtors, and Debtors' Insiders and Related Entities;

    b.   Debtors' Professionals;

    c.   Lender and Lender's Counsel;

    d.   Other Secured Creditors;

    e.   Landlord;

    f.   Debtors' Banks;

    g.   Committee Members;

    h.   Creditors and Other Parties-in-Interest; and

    i.   Counsel Filing Notices of Appearance.

**B.**    **Morrison Cohen's Relationship with Parties-In-Interest**

19.    To the extent that the above-described search indicated that Morrison Cohen has or had a relationship with any searched entity, such relationships are disclosed in this section or in **<u>Exhibit 2</u>**—a list of the Parties-in-Interest that Morrison Cohen has connections to, including those it formerly represented or currently represents, and those who are currently or were formerly client-friendly, adverse, adverse affiliated, or other interested parties in matters wholly unrelated to Debtors and their estates. As disclosed in **<u>Exhibit 2</u>**, Morrison Cohen and its partners, counsel, and associates have in the past represented or currently represent entities that are creditors of Debtors, or other parties-in-interest in matters unrelated to these cases.

20.    Morrison Cohen appears in cases, proceedings, and transactions involving a substantial number of different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or parties-in-interest in these cases. The Office of the United States Trustee appears in every bankruptcy matter in which Morrison Cohen appears; apart from this, there is no known connection with the Office of the United States Trustee or any of its attorneys. Also, from time to time, Morrison Cohen attorneys may appear before the Honorable Jil Mazer-Marino, but there are no known connections to Judge Mazer-Marino or her Chambers staff.

21.    Over 30 years ago, as an associate at Kaye Scholer (now, by merger, Arnold & Porter), I worked on some matters for a partner who represented Rosenthal & Rosenthal, Inc., Debtors' prepetition and post-petition lender ("**Rosenthal**"). I did not have any direct contact with

Rosenthal. Neither I nor anyone at Morrison Cohen currently represents Rosenthal. I have disclosed this distant former connection to the Committee, which has no reservations about my representation of the Committee in these cases.

22.     Morrison Cohen has and will continue to review new parties-in-interest in this proceeding, and will make every effort to disclose all connections to interested parties in these as they become known to Morrison Cohen. Although it is not possible to guarantee that every connection is disclosed at this early juncture, Morrison Cohen will file additional and supplemental disclosures if the need arises. Morrison Cohen and each of its attorneys does not and will not represent any other entity having an adverse interest in connection with these Bankruptcy Cases.

23.     No promises have been received by Morrison Cohen, or by any partner or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

*[remainder of page intentionally left blank]*

9

## CONCLUSION AND AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS

24.      Based upon the documents and information available and provided to me, (i) Morrison Cohen does not hold or represent any interest adverse to the estate; (ii) Morrison Cohen is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) except as otherwise stated herein, neither Morrison Cohen nor its professionals have any connection with Debtors, their estates, or their creditors; and (iv) Morrison Cohen's employment and retention is necessary and in the best interest of Debtors' estates, their creditors, and other parties-in-interest. I know of no reason why Morrison Cohen could not have acted and cannot act as attorneys for the Committee. The foregoing constitutes the statement of Morrison Cohen pursuant to section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014–1.

Dated:  March 6, 2024
      New York, New York         /s/ Joseph T. Moldovan
                                       Joseph T. Moldovan

#12795898v4\031679\0001

## EXHIBIT 1
## Parties Subject to Conflicts or Connections Search

Debtors
Elite Limousine Plus, Inc.
Dispatch Support Services LLC

Debtors' Professionals
Adam P. Wofse
Altman and Company LLC
Cristina Mihaela Lipan
Gordon A. Lewis III
Kenneth R. Tuch
LaMonica Herbst & Maniscalco LLP
Melanie A FitzGerald
Salvatore LaMonica
Tuch & Cohen LLP

Debtors' Insiders and Related Entities
Andrew Batiuk
Andrew El Daye
Anjum Chaudhary
Asterride Acquisition Corp.
Astoria Motors LLC
Citi Lease LLC
Citilease LLC
Dispatch Support Services LLC
Elite Coach Inc.
Elite Limousine Plus, Inc.
Elite R.E. Corp.
Farhat Chaudhary
Gale Avenue LLC
Khawar Shamshad
Limonet
Lincoln Leasing
Muhammad Waqas
Quratulann Chaudhary
Royal Dispatch Svcs. Inc.
Salah Chaudhary
Shafquat Chaudhary
Siddique Mian
Soundbit Dam Inc.
Soundview Broadcasting
Soundview Dam LLC
Soundview R.E., LLC
Soundview Technologies

SVRE LLC
Zain Chaudhary

Lender
Rosenthal & Rosenthal, Inc.

Lender's Counsel
Daniel F. Fiorillo
Jonathan N. Helfat
Otterbourg P.C.

Other Secured Creditors
BankDirect Capital Fin.
Customers Com. Fin., LLC
Dell Financial Svcs LLC
Habib American Bank
Internal Revenue Service
Mercedes-Benz Fin. Svcs.
NYS Dep't of Tax & Fin.
Rosenthal & Rosenthal Inc.
Silver Star Motors
Sterling National Bank
U.S. Small Bus. Admin.

Landlord
Gale Avenue LLC

Debtors' Banks
Bank United
HAB Bank

Creditors Committee Members
Abdul Halim
Haroon Rashid
Mohammed F. Islam
Stefan Berniecsky

Creditors and Other Parties-in-Interest
Abdul Halim
Advantage Transportation
AETNA Health Insurance
Aetna Inc.
All City Limousine

Alliance Limousine Inc.
Altman & Company LLC
American Express
AMEX TRS Co., Inc.
Amine Ali cherif B
Aminul Islam
Apex Limo SD
Arun Kanda
Ashok Kanda
Asterride Acquisition
Astoria Motors
Bank United
BankDirect Capital Finance
Bhupinder Singh
Broadview Networks
Cardworks
Cellco Partnership d/b/a Verizon Wireless
Chabe Limo Service
Cheung Che Haw
Chung Hwa Lee
Citi Lease LLC
Con Edison
Constellation Energy Services
DCAS Asset Management
De Lage Landen Fin. Svcs.
Dell Financial Svcs LLC
Devinder S. Joi
Edward Kim
Elite Auto Spa
Elite Cars UK
Elite Limousine Plus Inc.
Elite R.E. Corp
Estate of Bella Epstein
Executive Las Vegas
Expert Technologies Inc.
Fairmont Insurance
Faruque Chowdhury
Flex Facts
Friendly Ride Inc.
Gale Avenue LLC
Global Alliance
Gold Seal Car & Limo Inc.
Greek Elite
GSL Limousines Corp.
Guang Chen

Gwertzman Lefkowitz Smith & Sullivan LLC
Harfenist, Kraut & Perlstein LLP
Hasan Mahmud
Ickraash Inc.
Internal Revenue Service
J B Transportation
Janusz Okon
Jarnail Ram
Jatinder Bhatia
Jian Qiang Wu
Joginder Singh
John Jung Il Lee
Jorge H. Mikan
Jorge S. Maldonado
Josh Sunder
Kamran Shahid
Kee Young Chung
Konica Minolta Bus. Solut
Krzysztof Kierznikowicz
LaMonica Herbst & Maniscalco, LLP
Lee Bokyung
Limolink, Inc.
Limousine.com
Lonestar Limousine
Mahbub Bhuiyan
Mahbub Hossain
Mahmud Ahmed
Manik Md Miah
Martin Bienstock
Md Shahid Ullah
Md Yasin
MD. Rabiul Alam
Mohammad F. Islam
Mohammad F. Nuri
Mohammad Islam
Mohammad Z. Sheikh
Mohammed A. Anser
Mohammed Kamruzzaman
Mohammed Mohiuddin
Mohammed S. Sajid
Muhammad Hamayoun
Mujahid Toor
Mukai Kou
Narinder P. Singh
National Allstate Limousine

Neville Comma
New Pronto Transp. Inc.
New York Black Car Operators Injury
    Compensation Fund
New York State Department of Labor
New York State Department of Taxation &
    Finance, Bankruptcy Section
Northwestern Mutual Life
NY Black Car Injury Comp. Fund
NYC Citywide Admin. Svcs.
NYS Assessment Receivable
NYS Dep't of Tax & Fin. Bureau of
    Conciliation & Mediation Svcs
NYS Employment Contributions & Taxes
NYS Insurance Fund
Odyssey Global Transp. Lt
Omdat Greg Khemraj
Onyx Limousine & Shu
Otis Elevator Company
Port Authority of NY & NJ
Pouya Transport
Prager Metis CPAs, LLC
Principal Insurance
Publicis Resources
Publicsoft Corporation
Pui Sing Yung
Qaiser Manzoor
Quadient Leasing USA, In f/k/a Neopost
    USA Inc.
Quratulann Chaudhary
Rafiqul I. Patwary
Rajinder Singh
Rajinderpal Singh
Rawal Construction
Razu Ahmed
Robert Epstein
Rosenthal & Rosenthal Inc
Royal Dispatch Svcs. Inc.
RSM McGladrey Inc.
Salvador Huezo
Sam's Limo
Saud Mumtaz
Shafquat Chaudhary
Shahid Buttar
Shelterpoint Life Ins. Co.
Silver Star Motors

Skadden, Arps, Slate, Meagher & Flom LLP
Skyline Limo Service
Skywire Networks
Smith Limousine
Smith Transportation
Soundview Technologies
SSA Pest Control Inc.
Taslim Uddin
Tata Limo Service
TBIT Inc.
TGI Office Automation
The Universal Limo
Touissida Sawadogo
TSU Global
Tuch & Cohen LLP
Umair Shabir
United Parcel
United States Liability Insurance Co.
Valley National Bank
Vega Transportation
Verizon
Vincent Wang
Voya Financial
Voya Institutional Trust
Waldemar Rypina
Wei M. Wu
Wei Xing Yang
Wells Fargo Vendor Financial Services, LLC
Windstream Enterprise (fka Broadview
    Networks)
Youcef Saou
Young Onwukwe
Zhi Wei He
Zhuo Yong De
Zi Hui Lei
Zifen Pan

Counsel Filing Notice of Appearance
Allyesha Hall
Bennette Deacy Kramer
David Slarskey
Evan Fried
John Moore
Joshua S. Androphy
Lawrence F. Morrison
Leo V. Gagion

Lila Ayers
Morrison Tenenbaum PLLC
Richard Weingarten
Schlam Stone & Dolan LLP
Slarskey LLC
Wayne I. Baden

**EXHIBIT 2**[1]

| Connection Party | Morrison Cohen Relationship | Role of Current and Former Clients in These Cases |
|---|---|---|
| AETNA Health Insurance; Aetna Inc. | Aetna Inc. is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA" is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Better Health Inc." is a Current Adverse Affiliate party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Casualty & Surety Co." is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Casualty Company of Connecticut" is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA-CVS Inc." is a Current Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Health & Life Insurance Company" is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Insurance Co." is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA Life Insurance Company" is a Former Client and a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "AETNA U.S. Healthcare" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | AETNA Health Insurance is a creditor or other party-in-interest in these proceedings.<br><br>Aetna Inc. is a creditor or other party-in-interest in these proceedings. |

---

[1]    Party relationships are classified as Current or Former: (i) Client; (ii) Client Friendly (an affiliate of a client; possibly an officer or party who is not adverse to a client; or a party who is generally aligned with a Morrison Cohen client); (iii) Adverse; (iv) Adverse Affiliate (a party affiliated with or generally aligned with an Adverse party); or (v) Other Interested Party (a party that is not a Client, Client Friendly, Adverse, or Adverse Affiliate).

| | | |
|---|---|---|
| American Express | American Express or related entities are a Current Client and Client Friendly party, and Current and Former Adverse and Adverse Affiliate parties in matters unrelated to these chapter 11 proceedings. | American Express is a creditor or other party-in-interest in these proceedings. |
| Bank United | Bank United (Bank United N.A.) is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| Cardworks | Possibly related entity "Reverence-Cardworks Investment" is a Current Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Cardworks, Inc." is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| Cellco Partnership d/b/a Verizon Wireless | Cellco Partnership d/b/a Verizon Wireless is a Former Adverse and Adverse Affiliate party in matters unrelated to these chapter 11 proceedings. | |
| Con Edison | Con Edison (Consolidated Edison Company; ConEd) is a Former Client Friendly and Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Con Edison Communications, Inc." is a Former Adverse and Other Interested party in matters unrelated to these chapter 11 proceedings. | |
| Constellation Energy Services | Constellation Energy Services (Constellation Energy) is a Former Adverse and Adverse Affiliate party in matters unrelated to these chapter 11 proceedings. | |
| Edward Kim | An individual named "Edward Kim" is a Current Client in matters unrelated to these chapter 11 proceedings. | Edward Kim is a creditor or other party-in-interest in these proceedings. |
| Global Alliance | Possibly related entity "The Global Alliance for TB Drug Development" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |

| | | |
|---|---|---|
| Gwertzman Lefkowitz Smith & Sullivan LLC | Possibly related entity "Gwertzman Lefkowitz & Burman" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| Internal Revenue Service | Internal Revenue Service (IRS) is a Current and Former Adverse, a Current Adverse Affiliate, and a Former Client Friendly party in matters unrelated to these chapter 11 proceedings. | |
| John Moore | Individual named "John Moore," "John J. Moore," or "John J. Moore, Jr." are Former Client and Client Friendly parties in matters unrelated to these chapter 11 proceedings.<br><br>Additionally, Morrison Cohen LLP may encounter John Moore in legal matters the ordinary course of business, all unrelated to these chapter 11 proceedings. | John Moore is counsel to a party filing a notice of appearance in these proceedings. |
| Lawrence F. Morrison | Lawrence Morrison is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Additionally, Morrison Cohen LLP may encounter Lawrence Morrison in legal matters the ordinary course of business, all unrelated to these chapter 11 proceedings. | |
| Mercedes-Benz Fin. Svcs. | Possibly related entity "Mercedes-Benz Manhattan, Inc." is a Former Client Affiliate in matters unrelated to these chapter 11 proceedings. | Mercedes-Benz Fin. Svcs. is a secured creditor in these proceedings. |
| New York State Department of Labor | New York State Department of Labor is a Current and Former Adverse and Current Adverse Affiliate party in matters unrelated to these chapter 11 proceedings. | |
| New York State Department of Taxation | New York State Department of Taxation is a Current and Former Adverse and Former Client Friendly party in matters unrelated to these chapter 11 proceedings. | |

| | | |
|---|---|---|
| Northwestern Mutual Life | Possibly related entity "The Northwestern Mutual Insurance Company" is a Current Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Northwestern Mutual Finance Network" is a Former Client Friendly party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Northwestern Mutual" is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "The Northwestern Mutual Life Insurance Company" is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Northwestern Mutual Investment Management Company" is a Current Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Northwestern Mutual, GE Capital" is a Current Adverse party in matters unrelated to these chapter 11 proceedings. | |
| NYS Insurance Fund | NYS Insurance Fund is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| Otterbourg P.C. | Otterbourg P.C. is a Former Client in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Otterbourg, Steindler, Houston & Rosen, P.C." is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Additionally, Morrison Cohen LLP may encounter Otterbourg P.C. in legal matters the ordinary course of business, all unrelated to these chapter 11 proceedings. | Otterbourg P.C. is counsel to the Lender in these proceedings. |
| Port Authority of NY & NJ | Port Authority of NY & NJ is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| Prager Metis CPAs | Prager Metis CPAs is a Former Client and Current Adverse party in matters unrelated to these chapter 11 proceedings. | Prager Metis CPAs is a creditor or other party-in-interest in these proceedings. |

| | | |
|---|---|---|
| Publicis Resources | Possibly related entity "Publicis" is a Former Client and Adverse party in matters unrelated to these chapter 11 proceedings. | Publicis Resources is a creditor or other party-in-interest in these proceedings. |
| Rosenthal & Rosenthal, Inc. | Rosenthal & Rosenthal, Inc. is a Former Client (more than 25 years ago) and Client Friendly party, and a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | Rosenthal & Rosenthal, Inc. is the Prepetition Lender and DIP Lender in these proceedings. |
| RSM McGladrey Inc. | RSM McGladrey Inc. is a Former Client and Adverse party in matters unrelated to these chapter 11 proceedings. | RSM McGladrey Inc. is a creditor or other party-in-interest in these proceedings. |
| Skadden Arps Slate Meagher & Flom LLP | Skadden Arps Slate Meagher & Flom LLP is a Former Client, Client Friendly, Adverse, Adverse Affiliate, and Other Interested party in matters unrelated to these chapter 11 proceedings.<br><br>Additionally, Morrison Cohen LLP may encounter Skadden Arps Slate Meagher & Flom LLP in legal matters the ordinary course of business, all unrelated to these chapter 11 proceedings. | Skadden Arps Slate Meagher & Flom LLP is a creditor or other party-in-interest in these proceedings. |

| | | |
|---|---|---|
| Soundview Broadcasting; Soundview Dam LLC; Soundview R.E., LLC; Soundview Technologies | Possibly related entity "1266 Soundview Realty L.L.C." is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Bohrs-55 Soundview" is a Former Other Interested party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Soundview Chicken" is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Soundview Holdings L.L.C." is a Former Client in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Soundview Plaza Associates" is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Soundview Prepatory School" is a Current Other Interested party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Soundview Property Management, Inc." is a Former Adverse Affiliate in matters unrelated to these chapter 11 proceedings. | Soundview Broadcasting, Soundview Dam LLC, Soundview R.E., LLC, and Soundview Technologies, are among Debtors' Insiders and Related Entities. |
| Sterling National Bank | Sterling National Bank is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| United Parcel | Possibly related entity "United Parcel Service (UPS)" is a Current and Former Adverse and Former Client Friendly party in matters unrelated to these chapter 11 proceedings. | |
| Valley National Bank | Valley National Bank is a Current Client and Client Friendly party, and Current and Former Adverse party, in matters unrelated to these chapter 11 proceedings. | Valley National Bank is a creditor or other party-in-interest in these proceedings. |

| Verizon | Verizon is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Verizon New York Inc." is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Verizon Communications, Inc." is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Verizon Corp." is a Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Verizon Avenue" is a Former Client party in matters unrelated to these chapter 11 proceedings.<br><br>Possibly related entity "Verizon Ventures" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | Verizon is a creditor or other party-in-interest in these proceedings. |
| Voya Financial | Voya Financial is a Current Adverse party in matters unrelated to these chapter 11 proceedings. | |

| | | |
|---|---|---|
| Wells Fargo Vendor Financial Services, LLC | Possibly related entity "Wachovia Bank (Wells Fargo)" is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo" is a Current and Former Adverse and Current Adverse Affiliate party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Advisors LLC" is a Former Client Friendly party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo & Company" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Bank, N.A." is a Current and Former Adverse and Adverse Affiliate, and Former Client Friendly party, in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Bank Minnesota, N.A." is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Bank Northwest, N.A." is a Current Client Friendly, Current and Former Adverse Affiliate, and Former Adverse and Client Friendly party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Business Credit" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Capital Finance, LLC" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Commercial Credit LLC" is a Current Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Commercial Mortgage Trust 2015-NXST" is a Current Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Corp." is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |

| | | |
|---|---|---|
| | Possibly related entity "Wells Fargo Credit Retail Finance, LLC" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Financial Leasing, Inc" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Foothill, Inc." is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Home Mortgage, Inc." is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo HSBC Trade Bank" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Retail Finance" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Securities" is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Wells Fargo Trust Co. N.A." is a Current Adverse Affiliate party in matters unrelated to these chapter 11 proceedings. | |
| Windstream Enterprise (fka Broadview Networks) | Possibly related entity "Windstream Holdings, Inc." is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. | |
| | Possibly related entity "Windstream Services, LLC" is a Former Adverse party in matters unrelated to these chapter 11 proceedings. | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re                                    :

                                       :                   Chapter 11

ELITE LIMOUSINE PLUS, INC., et al.     :

                                       :                   Case No.: 23-43088 (JMM)

                                       :                   Jointly Administered

                       Debtors.[1]    :

---------------------------------------------------------------X

## ORDER AUTHORIZING EMPLOYMENT OF COUNSEL TO CREDITORS' COMMITTEE EFFECTIVE AS OF JANUARY 30, 2024

Upon the amended application (EFC No. __, "**Application**") of the official committee of unsecured creditors ("**Committee**") appointed in the above-captioned chapter 11 cases ("**Bankruptcy Case**s") of Elite Limousine Plus, Inc. *et al*. ("**Debtor**"), for entry an order, pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code ("**Bankruptcy Code**") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Morrison Cohen LLP ("**Morrison Cohen**") as counsel to the Committee; and upon the declaration of Joseph T. Moldovan, Esq., which is annexed to the Application ("**Declaration**"); and it appearing that Morrison Cohen was selected by the Committee at a scheduled meeting at which a majority of the members of the Committee were present; and it appearing that Morrison Cohen does not and will not represent any other entity having an adverse interest in connection with the Bankruptcy Cases; and this Court having determined that employment of Morrison Cohen by the Committee is in the best interests of Debtors' estates and their creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code

---

[1]     The Debtors are Elite Limousine Plus, Inc. (23-43088) and Dispatch Support Services LLC (23-43089).

and Bankruptcy Rule 2014, the Committee is authorized to employ Morrison Cohen as its counsel, effective as of January 30, 2024; and it is further

ORDERED, that to the extent the Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that Morrison Cohen shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, E.D.N.Y. Local Bankruptcy Rules 2016–1 and 2016–2, and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that prior to any increases in Morrison Cohen's rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to Debtor, the United States Trustee, and any other official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: _____
     Jeremy S. Sussman
     Trial Attorney
     Office of the United States Trustee
     201 Varick Street, Suite 1006
     New York, New York 10014
     (202) 573-6935

Dated: New York, New York
     March ___, 2024

Dated: March ___, 2024
     Brooklyn, New York

                               _____
                               HONORABLE JIL MAZER-MARINO
                               UNITED STATES BANKRUPTCY JUDGE